NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 28 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JAMES KEVIN JONES,

Plaintiff-Appellant,

v.

ANDREW M. SAUL, Commissioner of
Social Security,

Defendant-Appellee.

No.    18-15756

D.C. No. 2:16-cv-04433-JAT

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted August 26, 2020**

Before:     LEAVY, CLIFTON, and BYBEE, Circuit Judges.

James Kevin Jones appeals the district court's judgment affirming the

Commissioner of Social Security's denial of his application for disability insurance

benefits and supplemental social security income under Titles II and XVI of the

Social Security Act (Act).  We have jurisdiction under 28 U.S.C. § 1291 and

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

42 U.S.C. § 405(g). We review de novo, *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.

The Administrative Law Judge (ALJ) provided specific, clear, and convincing reasons to discount Jones' symptom testimony as unsupported by the objective medical evidence, as inconsistent with Jones' daily activities, for failure to comply with treatment recommendations, and as contradicted by Jones' testimony, which suggested a lack of motivation to work. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (ALJ may consider a lack of corroborating medical evidence as one factor in the credibility determination); *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (ALJ may discount a claimant's testimony if the claimant's daily activities contradict the testimony or if the daily activities meet the threshold for transferable work skills); *Molina v. Astrue*, 674 F.3d 1104, 1113-14 (9th Cir. 2012) (ALJ may rely on failure to comply with treatment recommendations in discounting a claimant's testimony); *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (ALJ may reject the claimant's testimony about the severity of his symptoms by offering specific, clear and convincing reasons). Any error in the ALJ's additional reasons for discounting Jones' symptom testimony was harmless. *See Molina*, 674 F.3d at 1115 (error is harmless where it is "inconsequential to the ultimate nondisability determination").

The ALJ provided specific and legitimate reasons for assigning little weight to the controverted opinions of Drs. Atiemo and Geohas as inconsistent with the objective medical evidence, as based on subjective complaints, and as conclusory and providing little explanation. *See Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1195 (9th Cir. 2004) (an ALJ may reject a medical opinion that is unsupported by objective medical findings); *Molina*, 674 F.3d at 1111 (this court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record"); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) ("When confronted with conflicting medical opinions, an ALJ need not accept a treating physician's opinion that is conclusory and brief and unsupported by clinical findings"). Any error in the ALJ's additional reasons for discounting Drs. Atiemo and Geohas' opinions was harmless. *See Molina*, 674 F.3d at 1115 (error is harmless where it is "inconsequential to the ultimate nondisability determination").

The ALJ provided specific and legitimate reasons for assigning little weight to the controverted opinions of Drs. Roy and Lucas as inconsistent with their own treatment notes and with the medical evidence and as based on Jones' subjective complaints. *See Batson*, 359 F.3d at 1195; *Tonapetyan*, 242 F.3d at 1149; *Molina*, 674 F.3d at 1111 (this court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record"). The ALJ further provided

3

specific and legitimate reasons for assigning little weight to Dr. Roy's opinion because he did not have a long-term treating relationship with Jones, he was a primary care physician rather than a specialist, and provided little to no explanation for his opinion. *See Batson*, 359 F.3d at 1195; *Tonapetyan*, 242 F.3d at 1149.

The ALJ provided specific and legitimate reasons for assigning little weight to Dr. Verma's controverted opinion as based on Jones' subjective reports, as not supported by the evidence, and for not citing what supported his conclusions. *See Molina*, 674 F.3d at 1111 (this court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record"); *Batson*, 359 F.3d at 1195; *Tonapetyan*, 242 F.3d at 1149.

The ALJ provided germane reasons for assigning little weight to physician assistant John Primak's controverted opinion as inconsistent with his treatment records, based on Jones' subjective complaints, and highly conclusory in a number of places. *See Molina*, 674 F.3d at 1111 (an ALJ may discount the opinion of an "other source" if the ALJ provides germane reasons for doing so).

**AFFIRMED**.

4